ORIGINAL

SEALED BY ORDER OF THE COURT

WARNING: THIS IS A SEALED DOCUMENT CONTAINING NON-PUBLIC INFORMATION

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

MARC A. WALLENSTEIN #10456
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-Mail: Marc.Wallenstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JUN 27 2018
at 2 o'clock and 35 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | MAG. NO. 18-00692 RLP |
| Plaintiff, | CRIMINAL COMPLAINT |
| vs. | |
| KELLY SPARROW, | |
| Defendant. | |

## CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

### COUNT 1

On or about March 24, 2018, in the District of Hawaii, defendant Kelly Sparrow, did knowingly and intentionally conspire to distribute and possess with intent to distribute fifty (50) grams or more of a mixture or substance containing a

detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

I further state that I am a DEA Special Agent and that this Complaint is based upon the facts set forth in the attached "Affidavit in Support of Criminal Complaint", which is attached hereto and incorporated herein by reference.

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Fed. R. Crim. P. 4.1(b)(2), this 27th day of June, 2018.

_____
TIMOTHES D. NGUYEN
Drug Enforcement Administration

_____
RICHARD L. PUGLISI
United States Magistrate Judge

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

TIMOTHY H. NGUYEN, being duly sworn, deposes and states as follows:

1. I am a Special Agent with the U.S. Drug Enforcement Administration ("DEA") and am currently assigned to the DEA Enforcement Group in Honolulu, HI.

2. On April 25, 2018, a defendant ("Defendant 1") was arrested in Waipahu, HI for possession of methamphetamine with intent to distribute. Defendant 1 was caught with 2.73 gross kilograms of crystal methamphetamine in his/her vehicle. After being read *Miranda* warnings, Defendant 1 chose to waive his/her rights and provided statements.

3. Defendant 1 stated that he/she had hired Kelly Sparrow to receive parcels of crystal methamphetamine via the U.S. postal service on his/her behalf. Defendant 1 paid Sparrow $500.00 and one (1) ounce of crystal methamphetamine for receiving each parcel.

4. On April 27, 2018, another defendant ("Defendant 2") was arrested in Kapolei, HI for possession of 33 gross grams of crystal methamphetamine with intent to distribute. After being read *Miranda* warnings, Defendant 2 elected to waive his/her rights and provided statements. Defendant 2 stated that Defendant 1 had hired Kelly Sparrow to receive a 10-pound box of crystal methamphetamine in March 2018. Defendant 2 said that Defendant 1 also hired and paid Sparrow to receive and deliver parcels containing crystal methamphetamine on other occasions.

5. On May 1, 2018, DEA Special Agents arrived at Kelly Sparrow's residence and identified themselves as DEA Special Agents to one of Sparrow's neighbors. The neighbor then spoke with Sparrow's significant other, who in turn entered Sparrow's apartment and spoke with Sparrow. Sparrow then exited her apartment and approached the DEA Special Agents.

6. The residence is comprised of a main house, an auxiliary apartment occupied by Sparrow, a covered patio, and a yard behind the main house and next to the covered patio. The yard has no fence and opens onto a public street.

7. The DEA Special Agents showed their credentials to Sparrow and identified themselves as law enforcement. The DEA Special Agents then asked Sparrow if she was willing to answer

3

questions, and she agreed. Sparrow invited the agents to sit at a table in the back yard. Sparrow chose this location herself. Sparrow sat the end of the table closest to the public street. Sparrow had a direct and unobstructed path to the street. The agents sat on the other end of the table, towards the covered patio. One agent sat on the same side of the table as Sparrow, but a few feet away and not in her personal space, and the other agent sat on the opposite end of the table facing Sparrow. Both agents were dressed in plain clothes. Both agents were armed, but their firearms were not visible to Sparrow at any point, and they did not inform Sparrow that they were armed. The agents did not display any handcuffs or other restraints at any point.

8. The DEA Special Agents asked if Sparrow had ever received parcels of drugs on behalf of Defendant 1. Sparrow responded that she had received 4 or 5 parcels through the U.S. postal service on behalf of Defendant 1. Upon receiving the parcels, Sparrow delivered them to Defendant 1 in public places. Sparrow said that Defendant 1 paid her $400.00 and 1/8 ounce of crystal methamphetamine per parcel. Sparrow stated that she was aware that the parcels contained crystal methamphetamine. Sparrow stated that the last parcel she received was around March 2018.

9. Sparrow then provided the agents with her mother's address and phone number, so that the agents could get in touch with Sparrow through her mother if they ever needed to reach her. Sparrow provided this information spontaneously, and not in response to any request by the agents for alternate contact information. The agents then left the premises.

10. At no point was Sparrow arrested or handcuffed. Her freedom of movement was not restrained in any way. The tone and manner of speaking of the agents was conversational and calm throughout the encounter.

//

//

//

//

//

//

5. Methamphetamine is a Schedule II controlled substance.

FURTHER AFFIANT SAYETH NAUGHT.

DATED: Honolulu, Hawaii, June 27, 2018.

_____
TIMOTHY H. NGUYEN
Drug Enforcement Administration

This Criminal Complaint and Affidavit in support thereof were presented to, approved by, and probable cause to believe that the defendant above-named committed the charged crime found to exist by the undersigned Judicial Officer at __1432__ .m. on June 27, 2018.

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Fed. R. Crim. P. 4.1(b)(2), this 27th day of June, 2018.

_____
RICHARD L. PUGLISI
United States Magistrate Judge

5